Power v. Smoot.

---

## W. D. Power v. Nathan Smoot, Administrator of Curtis E. McGee, Deceased, and Giles F. McGee.

1. PLEADING—*Debt upon an Appeal Bond by an Administrator.*— In an action upon an appeal bond given by an administrator, and conditioned that he should prosecute his appeal with effect, and pay in due course of administration whatever judgment might be rendered against him as such administrator, it is incumbent upon the plaintiff to aver and show, among other things, that in the due course of administration there were assets sufficient to pay upon the said judgment, and that neither the administrator nor the surety upon his bond had paid the same or any part thereof.

**Debt,** on an appeal bond. Appeal from the Circuit Court of Vermilion County ; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

SALMANS & DRAPER, attorneys for appellant.

W. R. LAWRENCE and J. W. KEESLER, attorneys for appellees.  ·

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action of debt upon a bond executed by the appellees to the appellant, conditioned as follows :

" The condition of this obligation is such that whereas said Power did, on the 29th day of September, 1892, recover a judgment against said administrator in the sum of eight hundred sixty-five dollars and sixty-four cents and costs of suit, to be paid in due course of administration, and also, whereas, he has prayed and been granted an appeal from said judgment : Now, if he shall prosecute said appeal with effect, and pay in due course of administration whatever judgment may be rendered against him as such administrator, then this bond to be of no effect; otherwise to remain in full force."

The declaration averred that upon the trial of the appeal in the Circuit Court the plaintiff recovered a judgment for $820 and costs of suit, " which the said defendant, Nathan Smoot, as such administrator, was adjudged to pay in due course of administration." It also averred that neither the administrator nor the surety on the bond had paid the judgment or any part of it, but did not aver that in due course of administration there would have been anything to pay upon the judgment, or that the administrator had in any respect failed to perform any duty devolving upon him to the detriment or injury of the plaintiff in that behalf.

The Circuit Court sustained a demurrer to the declaration, and the plaintiff electing to abide by his pleading, judgment went against him. The only question is as to the sufficiency of the declaration.

The condition of the bond was not for the payment of the judgment absolutely, but only in due course of administration. Necessarily, unless in due course of administration there was something to be paid to the plaintiff, or possibly a neglect by the administrator duly to administer, there was no cause of action.

Plaintiff did not so aver, but merely that the judgment had not been paid, which implied more than was the undertaking of the defendants.

The demurrer was well taken, and the judgment will be affirmed.